UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID VEILLETTE & BARRY HAMP, <br><br> Plaintiffs, <br><br> vs. <br><br> RENOWN HEALTH, et al., <br><br> Defendants. | 3:14-cv-00327-RCJ-VPC <br><br> **ORDER** |

This proceeding arises out of the alleged wrongful termination of two hospital executives. Pending before the Court is Plaintiffs' Motion to Remand (ECF No. 10) and Defendants' Motion to Dismiss (ECF No. 15). For the reasons given herein, the Court grants Plaintiffs' Motion to Remand and denies Defendants' Motion to Dismiss as moot.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiffs David Veillette and Barry Hamp sued Renown Health, Renown Regional Medical Center, and other individuals (collectively, "Renown") in state court for wrongful termination. (Compl., ECF No. 1-2). Renown removed the case on the grounds that Plaintiffs' claims are preempted by the Employee Retirement Income Securities Act ("ERISA"). Plaintiffs now move to remand, contending that Renown's removal was untimely and the Court has no subject matter jurisdiction over Plaintiffs' claims.

///

///

### A. Plaintiffs' Termination

In 2010, Renown, a non-profit hospital group in Washoe County, Nevada, conducted a nation-wide search for executives to improve and create "Specialty Hospital" programs to "increase[] market share of the treatment of complex disease processes . . . [and] to more efficiently and timely provide quality patient care." (*Id.* ¶¶ 13–14). Renown hired Veillette as Executive Vice President of Specialty Hospitals in 2011 and Hamp as Vice President of the Renown Institute for Cancer in 2012. (*Id.* ¶¶ 17, 22, 25). Veillette and Hamp's compensation agreements included six-figure annual salaries and eligibility to receive a Management Incentive Bonus ("MIB") at the end of each fiscal year. (*Id.* ¶¶ 17, 23). Additionally, after 90 days of employment, each were eligible to participate in Renown's medical and dental insurance plans, 401(k) tax-deferred retirement savings program, and sick pay plan. (*Id.* ¶¶ 19, 24). Veillette also received a signing bonus, reimbursable to Renown in full or part if Veillette's employment was terminated within three years for any reason other than Renown's breach of the employment agreement. (*Id.* ¶ 18).

Veillette and Hamp received their MIB for the fiscal year ending June 30, 2012 and both received salary increases effective July 1, 2013. (*Id.* ¶ 30). Despite Plaintiffs' positive performance evaluations and accomplishments in expanding market share and profitability in their respective programs, Plaintiffs were "summarily terminated on June 5, 2013." (*Id.* ¶¶ 32–33, 42). While Plaintiffs allege they were terminated for political reasons and "in a wrongful effort to prevent Plaintiffs from receiving their [MIBs]," Renown maintained the terminations were part of a "Reduction in Force." (*Id.* ¶¶ 40–41, 44, 59).

Plaintiffs lost the following benefits as a result of their terminations: Plaintiffs failed to receive their MIBs due to vest at the end of June 2013 even though they had already met the objectives for receiving them, (*id.* ¶ 48); Renown terminated Plaintiffs' dental, health, 401(k)

retirement, and sick pay plans, (*id.* ¶ 50); and Renown deducted an amount equivalent to one-third of Veillete's signing bonus from his final paycheck because he was five weeks shy of the three-year employment requirement, (*id.* ¶ 49). Additionally, contrary to sizable severance packages Plaintiffs believed other executives received in the past, Renown only offered Plaintiffs one month's severance pay. (*Id.* ¶¶ 52–53). Plaintiffs allege that Renown's termination of Plaintiffs' employment was "in an attempt to preclude them from receiving their employment benefits, including their MIB and [Veillette's] signing bonus." (*Id.* ¶ 60).

### B. The Present Case

Plaintiffs sued Renown on March 20, 2014 in Nevada state court for: (1) wrongful termination; (2) breach of the implied covenant of good faith and fair dealing; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; (5) detrimental reliance; (6) fraud; and (7) breach of contract. Renown moved to dismiss Plaintiffs' Complaint for failure to state a claim (ECF No. 15), and Plaintiffs opposed the motion (ECF No. 16). After receiving Plaintiffs' Opposition to Renown's Motion to Dismiss ("Plaintiffs' Opposition"), Renown removed the case to federal court on the basis that ERISA preempts Plaintiffs' state law claims. Renown asserts that it first learned the claims were removable upon receipt of Plaintiffs' Opposition, which, according to Renown, revealed new allegations that Plaintiffs were terminated for the purpose of interfering with rights under ERISA benefit plans. Plaintiffs' instant Motion to Remand argues that Renown's removal was untimely and that this Court has no subject matter jurisdiction over Plaintiffs' claims.

## II. LEGAL STANDARDS

### A. Motion to Remand

A defendant may remove an action to federal court if the plaintiff could have initially filed the complaint in federal court, 28 U.S.C. § 1441(a), i.e., if the Court has original

jurisdiction. The party seeking removal bears the burden of establishing jurisdiction. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). If a case is removed and the federal court lacks jurisdiction over the matter, the federal court must remand the case to state court. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The defendant bears the burden of establishing that removal is proper." *Id.*

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States" (known as federal question jurisdiction). 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turns on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Generally, a defendant's federal preemption defense does not provide grounds for removal and only provides a defense to state law claims. *Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang*, 376 F.3d 831, 839 (9th Cir. 2004). However, the "complete preemption" doctrine provides an exception to this rule. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987). Certain federal statutes that preempt all state law claims permit removal of the state law claims because "this select group of claims is necessarily federal in character." *See, e.g.*, *id.* at 63–64, 66 (holding that "causes of action within the scope of the civil enforcement provisions of § 502(a) [of ERISA are] removable to federal court"). Assuming a defendant meets

all procedural requirements for removal, the court will deny a plaintiff's motion to remand if complete preemption exists. *Id.*

### B. Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Unlike the word's lay definition, "plausibility" under Rule 8(a) is not a factual test of the likelihood a plaintiff's allegations are true, but a legal test of

whether the allegations, if assumed to be true, entitle the plaintiff to relief. Under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the legal theory he has specified or implied (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III. ANALYSIS

#### A. Motion to Remand

The Court first addresses Renown's compliance with procedural requirements for removal. Plaintiffs argue that Renown's removal is untimely under 28 U.S.C. § 1446(b)(1) because Renown removed the action to federal court more than 30 days after receipt of Plaintiffs' Complaint. Renown's position is that its removal is timely because it removed within

30 days of receipt of Plaintiffs' Opposition, which Renown contends is an "other paper" that first contained the grounds for removal.

If the defendant's ability to remove is clearly ascertainable from the face of the complaint, then the defendant must remove within 30 days of receipt of the complaint. 28 U.S.C. § 1446(b)(1); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013). However, a complaint that is "indeterminate" on its face will not trigger the 30-day window for removal. *Kuxhausen*, 707 F.3d at 1139 (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005)). If it becomes ascertainable that an action is removable from a subsequent "amended pleading, motion, order or other paper," the 30-day window to remove begins upon the defendant's receipt of such "paper." 28 U.S.C. § 1446(b)(3).

Renown removed to federal court on June 20, 2014, well beyond 30 days from receipt of Plaintiffs' Complaint on or around March 28, 2014. (*See* Acceptance of Service, ECF No. 1-2, at 23). Renown argues, however, that Plaintiffs' Opposition alerted them for the first time that Plaintiffs' claims are completely preempted by ERISA and thus removable, meaning that Renown had 30 days from receipt of Plaintiffs' Opposition to remove the action. Renown focuses specifically on the portion of the Opposition addressing Plaintiffs' wrongful discharge claim under Nevada law. (*See* Opp'n Mot. Dismiss 24:21–29:6, ECF No. 16). In this section, Plaintiffs dedicate several paragraphs to arguing it is against public policy for employers to terminate employees to prevent them from receiving their employment benefits. In one sentence in particular, Plaintiffs assert that:

> "[D]efendants' termination of Plaintiffs to preclude them from receiving the MIP bonuses, the full signing bonus and the other employment benefits (health insurance, dental insurance, 401(k) tax deferred retirement savings program, annual sick leave and sick leave plan) is in direct contravention of [Nevada's] public policy, as it discourages employers from providing such benefits to their employers [sic] and encourages employers not to uphold their bargain with the employee to provide such benefits."

(*Id.* at 28:17–23).

First, the Court agrees with Renown that receipt of Plaintiffs' Opposition qualifies as an "other paper" that could trigger a new 30-day window to remove. *See Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983 (D. Nev. 2005) (Hicks, J.) (demonstrating that an opposition to a motion for summary judgment can qualify as an "other paper"). However, because the content of the above excerpt is arguably no more than a reiteration of Plaintiffs' allegations in the Complaint, the Court finds that the basis for Renown's removal was ascertainable on the face of Plaintiffs' Complaint, thus making Renown's removal untimely.

Several allegations in the Complaint state that Renown terminated Plaintiffs' employment with the intent to deprive Plaintiffs of their "employee benefits." (*See* Compl. ¶ 60 (alleging "Defendants' termination of Plaintiffs [was] an attempt to preclude them from receiving their employment benefits"); *see id.* ¶ 73 (alleging that Defendants "wrongfully preclude[d] Plaintiffs from receiving or retaining their earned employee benefits"); *see id.* ¶ 82 (alleging that a work force reduction was a pre-textual basis for terminating Plaintiffs, and Defendants wrongfully "refus[ed] to pay Plaintiffs their salaries and other contracted for employment benefits"); *see id.* ¶ 90 (alleging Defendants' "wrongful intention of injuring Plaintiffs and to wrongfully preclude Plaintiffs from receiving their salaries, [MIBs], [Veillette's] signing bonus and the other . . . employee benefits")). The Complaint explicitly describes Plaintiffs' "employment benefits" as including "[m]edical and dental insurance," a "401(k) tax deferred retirement savings program," and an "[a]nnual sick leave" plan. (*Id.* ¶ 56).

The Court concludes that even if the allegations in Plaintiffs' Opposition revealed that Plaintiffs' claims are completely preempted by ERISA, these same allegations existed in Plaintiffs' Complaint. Thus, Renown would have been obligated to remove the action within 30 days of receipt of the Complaint, 28 U.S.C. § 1446(b)(1), which Renown admittedly failed to do.

The Court therefore grants Plaintiffs' Motion to Remand on the basis that Renown's removal was untimely. The Court need not reach the substantive issue of whether Plaintiffs' claims are completely preempted by ERISA.

B.  **Motion to Dismiss**

Given that Renown failed to remove the action in a timely manner, the Court is without jurisdiction to decide Defendants' Motion to Dismiss. Therefore, the Court denies Defendants' Motion to Dismiss as moot. The Court acknowledges however, that the Court's findings for purposes of this Motion to Remand do not foreclose Renown's ability to raise an ERISA preemption defense in the state proceedings. *See Segal v. Lefebvre*, 2014 U.S. Dist. LEXIS 43481 (D. Nev. Mar. 31, 2014) (Mahan, J.) (citing *Fresh Intern. Corp. v. Agric. Labor Relations Bd.*, 805 F.2d 1353, 1354 (9th Cir. 1986)).

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand (ECF No. 10) is GRANTED, and the Motion to Dismiss (ECF No. 15) is DENIED.

IT IS FURTHER ORDERED that the case is REMANDED to the Second Judicial District Court, and the Clerk shall close the case.

IT IS SO ORDERED.

Dated this 15th day of October, 2014.

_____
ROBERT C. JONES
United States District Judge